11 WOODARD, Judge.
Following his conviction for distribution of a controlled dangerous substance, the State charged John Fitzgerald Marshall as a multiple felony offender. The trial court convicted him as a third-felony offender and sentenced him to thirty years at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence. Marshall appeals.
FACTS
On May 27, 1998, Marshall, along with an unidentified individual, knowingly and intentionally distributed six rocks of cocaine to an undercover police officer. On August 13, 1998, the State charged Marshall, by bill of information, with one count of distribution of cocaine, a violation of La.R.S. 40:967(A). He pled not guilty to the charge on August 21, 1998, and the jury unanimously convicted him as charged on February 18, 1999. On February 24, 1999, the trial court sentenced him to twenty years at hard labor, with the first five years to be served without benefit of probation, | ^parole, or suspension of sentence. On that same date, the State filed an habitual offender bill, charging him as a third-felony offender.
On April 12, 1999, the trial court adjudicated him a third-time felon. After vacating the previously imposed sentence, the trial court sentenced Marshall to thirty years at hard labor, with the first five years to be served without benefit of probation, parole, or suspension of sentence. He orally requested the court to reconsider the sentence imposed, which the trial court denied. Marshall appeals his habitual offender adjudication.
LAW
There are no errors patent in the record.
Adjudication as a Third-Time Felon
Marshall claims that the trial court erred in adjudicating Mm a third-felony offender. Specifically, he claims that the State failed to establish one of the predicate felomes used to adjudicate him. The habitual offender bill listed the following offenses in support of the fourth felony offender charge:
1) On September 18, 1992, the Defendant pled guilty to possession/distribution of unregistered weapon in docket number 231,782.
2) On September 18, 1992, the Defendant pled guilty to possession with the intent to distribute CDS II in docket number 233,492.
3) On August 21, 1995, the Defendant pled guilty to possession of CDS II in docket number 239,926.
4) On February 18, 1999, the Defendant was convicted of distribution of CDS II (present offense).
The State did not use the second charge, possession of CDS II, to support the habitual offender adjudication. The only two charges used as predicate felonies were *869 the first and third charges listed on the bill — possession/distribution of an unregistered weapon and possession with the intent to distribute CDS II. The only charge Marshall is contesting on appeal is possession of an unregistered weapon, Ldocket number 231,782. Because the guilty plea transcript for docket number 231,782 contains an error in the citation of the docket number of the offense to which he pled, Marshall claims that the State failed to prove that predicate.
At the adjudication hearing, the State introduced the bill of information (S — 1) that charged him with possession of an unregistered weapon. The same bill also charged him with possession of stolen goods. The bill contained docket number 231,782. The State introduced the September 18, 1992 minute entry (S — 1) of his guilty plea to possession of an unregistered weapon, which also contained the docket number 231,782. Defense counsel objected to the use of docket number 231,-782 as a predicate conviction, since the transcript of the September 18, 1992 guilty plea indicates that he did not plead guilty to that docket number. Rather, the transcript states that he pled guilty to docket number 231,702, a docket number that was not listed in the habitual offender bill. The State introduced the transcript at the adjudication hearing. Although the cover page of the September 18, 1992 transcript referenced docket numbers 233,492; 232,-048; and 231,782, the State referred to another docket number, 231,702, during the actual plea. The State asked defense counsel, “Mr. Van Dyke, in 231,702, it’s my understanding that your client desires to enter a plea of guilty to Possession of CDS II with Intent and Possession — Illegal Possession of a Firearm.” Mr. Van Dyke responded, “That’s correct.” Without referencing the docket number, the trial court again referred to one of the offenses to which he was pleading guilty as illegal possession of a firearm. We note that although the State and the trial court both referred to the offense in this manner rather than possession of an unregistered weapon, no one has argued this as an error. When Marshall actually entered his guilty plea, the State clarified that the charge was possession of an unregistered weapon.
After the trial court sentenced Marshall, the Assistant District Attorney stated:
BY MR. BREEDLOVE:
That’s correct, Your Honor. At this time, the plea having been accepted, the State will no case Docket Number 231,-782 and Docket Number 232,048. Is that ...
BY MR. VAN DYKE:
RThat’s correct.
BY MR. BREEDLOVE:
... sum and substance of the agreement?
BY MR. VAN DYKE:
That’s is [sic].
BY THE DEPUTY CLERK:
Uh, we — we’re mixed up.
BY MR. BREEDLOVE:
I stay that way.
BY THE DEPUTY CLERK:
232,048 is the Possession of CDS II with Intent. 231,782 is Possession of Stolen Goods and Possession of Unregistered Gun.
BY MR. BREEDLOVE:
That’s right. But 233,492 is what he’s pleading to, and that’s also Possession with Intent to Distribute.
BY THE DEPUTY CLERK:
Okay.
Marshall argues that the transcript makes clear that the State dismissed docket number 231,782. According to him, the record is not clear as to what he understood when he pled guilty. Consequently, the State did not satisfy its burden under State v. Shelton[1] to prove the predicate offense. Shelton states, in part:
*870 If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces |Ba ‘perfect’ transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to' confront his accusers. If the State introduces anything less than a ‘perfect’ transcript, for example, a guilty plea form, a minute entry, an ‘imperfect’ transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.[2]
In its brief, the State concedes that the Assistant District Attorney misstated the docket numbers twice during the guilty plea colloquy. However, the State argues:
[A]s clearly established above, neither misstatement can negate the fact that the defendant entered a plea of guilty to the offense of Possession of an Unregistered Weapon. Moreover, the only docket number in which the defendant was charged with Possession of an Unregistered Weapon is 231,782. (Habitual Offender, State’s Exhibit 1 [in the record under separate cover]). Thus, the defendant’s plea of guilty could have occurred in no other docket number. Consequently, the defendant’s contentions are without merit and the findings below should not be disturbed on appeal.
When presented with defense counsel’s objection to docket number 231,782 being used as a predicate, the trial court overruled the objection, stating the following:
All right. Because you were not prejudiced and you were aware of the problem, Mr. Kutch, that does not mean that Mr. Marshall was not convicted of a felony offense on September the 18th of 1992. Any time the State has a typographical error that is not prejudicial to the defendant then it is not error. That happens in Bills of Information all of the time. Of course, I’m talking about dates. And I would assume that if it’s an error with the date, a typo with the date of the offense, that a typo with a docket number is just as equally as harmless, especially since Mr. Lampart gave you the docket number for that Bill of Information and the minutes, and you were able to be prepared for that.
If the guilty plea transcript alone were considered, Marshall’s claim might have merit. No factual basis was introduced at the guilty plea to indicate that the offense to | fiWhich he pled is the same possession of an unregistered weapon charged in docket number 231,782. Furthermore, the Assistant District Attorney said that he was dismissing the charges in 231,782; however, we will consider the transcript in conjunction with the minute entry of the plea, which states that the plea was to the possession of an unregistered weapon charged in 231,782. Furthermore, the cover of the guilty plea transcript contains docket number 231,782, not 231,702.
Additionally, S-l, the bill of information filed under docket number 231,782 and charging Marshall with possession of stolen goods and possession of an unregistered weapon, contains his fingerprints. The bill also contains his certification that the fingerprints were his and were placed *871 on the bill on September 18, 1992, the date of the guilty plea in question. Therefore, on the day Marshall pled guilty to possession of an unregistered weapon, he placed his fingerprints on the bill filed under docket number 231,782, not 231,702. Also, the State introduced Mr. Ray Delcomyn’s testimony, an expert in the field of fingerprint identification. He testified that the same person who placed his fingerprints on S-l is the same person who placed his fingerprints on S-2, the bill of information filed under docket number 239,926 and S-3, the bill of information filed under docket number 251,669. Marshall had placed his fingerprints on S-3 at the adjudication hearing.
Finally, Marshall has not shown that he was charged with possession of an unregistered weapon in any other docket number, nor does he state what, if any, offense was charged in 231,702. Consequently, we find that the error in docket numbers was a technical deficiency which is harmless in light of the fact that Marshall pled guilty to the offense of possession of an unregistered weapon after being advised of the offense and advised of the rights which he was waiving by pleading guilty. We find that Marshall’s plea was to possession of an unregistered weapon charged in 231,782 and the State’s “no case” of docket number 231,782 was a dismissal of the remaining count under that docket number, possession of stolen goods.
We note that Marshall states in his brief that the Assistant District Attorney, rather than the trial court, advised him of the rights which he was waiving, but this claim is incorrect. The record reveals that trial court advised him of his rights.
^CONCLUSION
The trial court properly adjudged Marshall to be a third-felony offender. Its sentence is affirmed.
AFFIRMED.

. 621 So.2d 769 (La.1993).

. Id. at 779-780.